**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Patricia Johnson and**
**Karla Kullman,**

**Plaintiffs,**

**v.**

**City of Glencoe, Minnesota; City of Glencoe, Minnesota Police Department; Chief of Police Wes Olson, in his official and individual capacities; City Administrator Mark Larson, in his official and individual capacities; and George Scheidt, in his official and individual capacities,**

**Defendants.**

**Civil No. 00-2611 (JRT/SRN)**

**ORDER**

---

Jill Clark, Esq., on behalf of Plaintiffs.

Julie Fleming-Wolfe, Esq., on behalf of Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on September 26, 2001, on Defendants' Motion for Protective Order and to Impose Sanctions (Doc. No. 14 ), and Plaintiffs' Motion to Compel the Depositions of Councilmembers Adamietz and Pohland (Doc. No. 17).

This Order addresses both motions

## I. DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND TO IMPOSE SANCTIONS

Defendants seek a protective order barring Plaintiffs' counsel from violating Minnesota

FILED OCT 0 2 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Rule of Professional Conduct 4.2. Defendants state that they learned from the deposition of Scott Stumpf, a former police officer for the City of Glencoe, that Plaintiffs' counsel discussed the present case with Mayor Johnson, and exchanged documents with him. Defendants explain that because the City of Glencoe, which is a party to this suit, is legally represented, Mayor Johnson, who is an official of the City, is also represented. Defendants therefore conclude that Plaintiffs' counsel violated Rule 4.2 through her contact with Mayor Johnson.

Citing ABA Committee on Ethics and Professional Responsibility Formal Opinion 97-408 *Communications with Government Agency Represented by Counsel*, Defendants' counsel acknowledges that because her clients are government entities, Plaintiffs' counsel may not be required to obtain actual consent from her in order to discuss matters unrelated to this lawsuit with the Mayor. In such instances, however, Defendants' counsel states that Plaintiffs' counsel is still required to provide her with advance notice of the conversations. Moreover, Defendants' counsel states that any communications between Plaintiffs' counsel and the Mayor concerning this lawsuit do require her consent. Therefore, Defendants conclude that Plaintiffs' counsel's exchange with the Mayor violated Rule 4.2 in two ways. First, Plaintiffs' counsel failed to provide Defendants' counsel with notice prior to the conversation. Second, because the conversation concerned neither settlement of the case, nor unrelated policy matters, Plaintiffs' counsel violated Rule 4.2 by not obtaining authorization from Defendants' counsel to have such a conversation at all.

Defendants believe that Plaintiffs' counsel intends to contact Mayor Johnson as well as additional city council members in the future, and that those conversations will likely also violate Rule 4.2. Therefore, they seek a protective order and sanctions in order to prevent Plaintiffs'

counsel from doing so.

Plaintiffs maintain that the past conversation with Mayor Johnson did not violate Rule 4.2, and any future conversations Plaintiffs' counsel intends to have with the Mayor and additional city council members will also not violate Rule 4.2. Regarding the Mayor, Plaintiffs first state that the conversation in question did not concern any of the substantive issues involved in the present lawsuit. In addition, Plaintiffs explain that Mayor Johnson did not hold the office of mayor during the period of time at issue in Plaintiffs' claims, and that he has also recused himself from the present lawsuit. Therefore, Plaintiffs explain, the Mayor is at most a peripheral figure in this lawsuit and not a principal party. Hence, they conclude that he does not significantly implicate the concerns of Rule 4.2. Moreover, Plaintiffs' counsel states that because the Mayor recused himself before their conversation, she believed he was technically unrepresented at the time she spoke with him.

In addition, Plaintiffs state that Rule 4.2 applies differently to government agencies that are parties to a lawsuit than to ordinary citizens. Because Defendants in this case are government agencies, Plaintiffs' counsel argues that Rule 4.2 only requires her to provide Defendants' counsel with notice, and that she is not required to obtain actual consent in order to contact the Mayor and other council members. Specifically, Plaintiffs' counsel contends that Rule 4.2 does not deprive her of her constitutional rights to petition these individuals in their capacity as government officials. Relying on the Comment to Rule 4.2, Plaintiffs' counsel states that she retains these rights even if the Mayor and council members are represented. Moreover, Plaintiffs' counsel states that Formal Opinion 97-408 explicitly permits a lawyer representing a private party in a controversy with the government to communicate with government officials in

order to address policy issues including the settlement of the matter. Plaintiffs' counsel therefore concludes that she did not violate Rule 4.2, because her conversations with the Mayor did not concern the substantive issues of this case.

The Court grants Defendants' motion regarding the protective order. Regardless of his recusal, the Mayor is still represented because the City itself is. Further, the Mayor's statements could certainly be imputed to the City whether or not he is eventually called as a witness, or otherwise participates in the trial. Therefore, conversations between Plaintiffs' counsel and the Mayor clearly implicate the concerns of Rule 4.2.

The Court acknowledges that both the Comment and Formal Opinion 97-408 address the unique situation that arises when government entities are parties to a lawsuit. The Court also recognizes that a citizen should not be forced to forfeit her rights to petition the government in order to become a plaintiffs' lawyer in suits brought against the government. But Rule 4.2 still exists even in this context, and counsel for the government is still entitled to the notice and requests for consent that are necessary for her to manage the lawsuit and adequately protect her client's rights. Formal Opinion 97-408 clearly balances the concerns of both sides. The Opinion provides,

> In such a situation the lawyer must give government counsel reasonable advance notice of his intent to communicate with such officials, to afford an opportunity for consultation between government counsel and the officials on the advisability of their entertaining the communication. In situations where the right to petition has no apparent applicability, either because of the position and authority of the official sought to be contacted or because of the purpose of the proposed communication, Rule 4.2 prohibits communication without prior consent of government counsel.

The Court therefore instructs Plaintiffs' counsel that if she intends to contact the Mayor

or any other council members, she must first provide Defendants' counsel with notice of whom she intends to contact and for what purposes. Moreover, Plaintiffs' counsel is prohibited from contacting these individuals in order to discuss subjects other than unrelated policy matters, or settlement of the present claims. Defendants' counsel is instructed to redraft the current protective order in this case consistent with this ruling.

The Court denies, without prejudice, Defendants' motion regarding the imposition of sanctions. The Court finds no reason to believe that Plaintiffs' counsel behaved unethically, or was otherwise careless regarding Rule 4.2. As a result, a protection order will sufficiently address this issue.

As a final issue, Plaintiffs request clarification of the scope of the current Protective Order in this case. Specifically, they ask whether the Protective Order applies to documents already in the possession of Karla Kullman.

The Court finds that the Protective Order does not apply to such documents. The Order is designed to prevent Plaintiffs from taking documents from city hall. However, the Order does not bar Plaintiffs from documents already in Ms. Kullman's possession.

## II. PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS

Plaintiffs seek to Compel the depositions of Councilmembers Adamietz and Pohland. These depositions were originally scheduled to take place on August 13, 2001. However, due to a medical emergency, Plaintiffs' counsel was forced to postpone them. Since August 13, Plaintiffs maintain that despite Plaintiffs' counsel's repeated attempts to reschedule the depositions, the only date Defendants would offer was September 18, 2001. Because the holiday of Rosh Hashana fell on that date, Plaintiffs' counsel was unable to take the depositions on that

day. In order to avoid further delays, Plaintiffs now request that these depositions be compelled.

Defendants respond that they have cooperated fully in the scheduling of depositions. They maintain that they supplied Plaintiffs' counsel with a letter in August offering multiple dates in September for these depositions. In addition, Defendants state that prior to the August 13 date, they had been forced to reschedule the depositions four times in order to accommodate Plaintiffs' counsel. They further contend that rescheduling these depositions at this late date will affect the deadline for dispositive motions. Consequently, Defendants argue that Plaintiffs' motion to compel is essentially a motion to amend the pretrial scheduling order. Defendants conclude that because they have been entirely cooperative up to this point, Plaintiffs can not demonstrate the good cause necessary to reschedule these depositions and thus alter the pretrial scheduling order.

The Court grants Plaintiffs' motion. Despite the delays, taking the remaining two depositions will not require significant additional time. The depositions are to be taken during the second or third week of October. Plaintiffs' counsel will advise Defendants' counsel of any dates within that period during which she will not be available, and Defendants' counsel will schedule the depositions accordingly. The times and dates will be chosen in order to accommodate the professional schedules of both deponents, and once set, they are not to be cancelled. Once the Court is advised of the dates for these depositions, the dispositive motion deadline in this case will be rescheduled accordingly.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Defendants' Motion for Protective Order and to Impose Sanctions (Doc. No. 14 ) is **GRANTED** with regard to the Protective Order, and **DENIED WITHOUT PREJUDICE** with regard to imposing sanctions;

2. Plaintiffs' Motion to Compel Depositions of Certain Individuals (Doc. No.17) is **GRANTED** consistent with this Order.

Dated: October 2, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge